UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                              )
DAVID DeCAPUA,                )
individually and on behalf of )
all others similarly situated,)
                              )    C.A. No. 18-590 WES
          Plaintiff,          )
                              )
     v.                       )
                              )
METROPOLITAN PROPERTY AND     )
CASUALTY INSURANCE COMPANY,   )
                              )
          Defendant.          )
_____)
```

**ORDER**

This case turns on an antiquated statute that has remained unchanged while technology has evolved. See Glasser v. Hilton Grand Vacations Co., 948 F.3d 1301, 1308 (11th Cir. 2020) ("What changed? Technology and marketing strategies. But not the statute."). Plaintiff, on behalf of himself and a putative class, filed a Class Action Complaint, ECF No. 1, alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. Congress enacted the TCPA almost thirty years ago in response to aggressive telemarketing; since then, the FCC has issued orders seeking to account for technological evolution. See Marks v. Crunch San Diego, LLC, 904 F.3d 1041, 1045 (9th Cir. 2018); see also 47 U.S.C. § 227(b)(2) (giving the FCC rulemaking authority). But, even supplemented, the TCPA lacks precision,

muddying its application. See Glasser, 948 F.3d at 1306 ("Clarity, we lament, does not leap off this page of the U.S. Code.").

Plaintiff alleges Defendant's use of an "automatic telephone dialing system" (an "auto-dialer") to send text messages in a marketing campaign violated the TCPA. Compl. ¶¶ 1-4. United States Magistrate Judge Lincoln D. Almond recommended granting Defendant's Motion to Dismiss Plaintiff's Class Action Complaint, ECF No. 11. See Report and Recommendation ("R&R") 6, ECF No 25. The Court ACCEPTS the R&R, rejecting Plaintiff's objection, and GRANTS Defendant's Motion to Dismiss.

Defendant points to two bases on which the Court could conclude that EZ Texting is not an auto-dialer.[1] First, as pleaded, EZ Texting requires too much human intervention to qualify as an auto-dialer. See 47 U.S.C. § 227(a)(1) (an auto-dialer is "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers"). Second, as pleaded, EZ Texting does not have the capacity to generate random or sequential phone numbers. See id.

Magistrate Judge Almond addressed Plaintiff's first legal failure in fine detail, concluding that EZ Texting requires too

---

[1] On review, the Court addresses both grounds for dismissal. See Fed. R. Civ. P. 72(b)(3) (the Court may "accept, reject, or modify the recommended disposition" from the Magistrate Judge).

2

much human intervention to qualify as an auto-dialer. R&R 5-6. That intervention includes uploading and storing a list of numbers from outside the system; selecting recipients from "groups" of stored numbers; drafting a message and selecting its delivery time; and reviewing and sending the message. Compl. ¶¶ 49, 52-53.

The Court accepts the R&R's reasoning. See Glasser, 948 F.3d at 1312 ("Far from automatically dialing phone numbers, this system requires a human's involvement to do everything except press the numbers on a phone."). On review, the Court is unpersuaded by Plaintiff's argument that human intervention is only relevant with respect to dialing. The Eleventh Circuit recently recognized that, even where a system dials numbers itself, critical is that "[a]n employee's choice initiates every call." Id. EZ Texting "demands far more from its human operators than just 'turning on the machine or initiating its functions.'" Id. (quoting Marks, 904 F.3d at 1052-53); see also Ramos v. Hopele of Fort Lauderdale, LLC, 334 F. Supp. 3d 1262, 1265 (S.D. Fla. 2018) (holding that human intervention sufficiently "negate[d] the EZ-texting program" as an auto-dialer); Duran v. La Boom Disco, Inc., 369 F. Supp. 3d 476, 492 (E.D.N.Y. 2019) (same).

While this alone warrants dismissal, the Court also analyzes whether Plaintiff failed to plead that EZ Texting has the capacity to generate random or sequential numbers. The circuits are split on whether the TCPA requires this, with most determining that an

3

auto-dialer must have the present capacity to do so. Dominguez v. Yahoo, Inc., 894 F.3d 116, 121 (3d Cir. 2018); see also Glasser, 948 F.3d at 1311-12; Gadelhak v. AT&T Servs., Inc., 950 F.3d 458, 468-69 (7th Cir. 2020). But see Marks, 904 F.3d at 1050-53 (holding that an auto-dialer includes a device "with the capacity to dial stored numbers automatically").

This Court agrees with the majority of courts that have considered the question, a conclusion that ends Plaintiff's case. These decisions hold that, to qualify as an auto-dialer, the system must be able to randomly or sequentially generate numbers. Plaintiff effectively concedes that EZ Texting cannot do this, but claims that "[b]ecause a list of phone numbers can be uploaded to and stored on the EZ Texting System from a Microsoft Excel spreadsheet," EZ Texting is "capable [of] using Microsoft Excel's [function] as a sequential number generator." Compl. ¶¶ 48-52.

Seeking to avoid dismissal, Plaintiff submits that various pieces of equipment may be combined to form what amounts to an auto-dialer. See Hatuey v. IC Sys., Inc., No. 16-CV-12542, 2018 WL 5982020, at *7 (D. Mass. Nov. 14, 2018). But Plaintiff does not plead that Microsoft Excel is an integral and necessary part of EZ Texting, as he now suggests. Rather, Plaintiff alleges only that EZ Texting can use Microsoft Excel (as one of two options) as a sequential number generator, and that Defendant's employees regularly do use it in that manner. See Compl. ¶¶ 34, 41-44, 50

(explaining that employees "regularly use Microsoft Excel" (one of "two methods"), Defendant seeks to hire employees with proficiency in Microsoft Excel, and EZ Texting "is also capable [of] using Microsoft Excel's [function] as a sequential number generator"). But a system must have the present capacity to function as an auto-dialer and, as pleaded, EZ Texting does not.

True, this case is before the Court on a motion to dismiss and the Court must "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." Lemelson v. Bloomberg L.P., 903 F.3d 19, 23 (1st Cir. 2018) (quoting Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 52-53 (1st Cir. 2013)). Focusing on "the non-speculative, non-conclusory facts and reasonable inferences implied by those facts, [the Court must] ask whether it is plausible, as opposed to merely possible, that [the] plaintiff's complaint narrates a claim for relief." Id. For the reasons discussed, the Court concludes that EZ Texting, as pleaded, is outside the TCPA's purview. See Dominguez, 894 F.3d at 121; Ramos, 334 F. Supp. 3d at 1272-73.

Plaintiff's Complaint fails on its face and, accordingly, the Court GRANTS Defendant's Motion to Dismiss, ECF No. 11.[2]

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
District Judge
Date: March 18, 2020

---

[2] The Court need not address Defendant's alternative relief sought (a stay of proceedings pending forthcoming FCC guidance).