# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID DECAPUA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:18-cv-00590-WES-LDA |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter has come before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiff David DeCapua, individually and on behalf of the Settlement Class ("Plaintiff"), and Defendant Metropolitan Property and Casualty Insurance Company ("Defendant" or "MetLife") as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement"). Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

2. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on that evaluation, the Court finds there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arm's-length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

4. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All 6,950 persons within the United States who may have received a text message on or after May 1, 2018 sent by or on behalf of MetLife former employee Rick Lee.

Excluded from the Settlement Class are MetLife and any affiliate or subsidiary of MetLife, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class.

5. The Court appoints Lieff Cabraser Heimann & Bernstein, LLP and Meyer Wilson Co., LPA, pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

6. The Court hereby appoints David DeCapua as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. The Court approves the proposed Notice Plan for giving notice to the Settlement Class (i) directly (using postcards and emails); and (ii) by establishing a Settlement Website,

as more fully described in the Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than May 17, 2021, in accordance with the terms of the Agreement.

8. On August 17, 2021, at 2 p.m., in Courtroom 3 of the Federal Building and Courthouse, One Exchange Terrace, Providence, Rhode Island, or at such other date, time, and location (including via remote video conferencing) later set by Court order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Plaintiff's application for attorneys' fees and expenses, and incentive awards to the Class Representative, should be granted, and in what amount. No later than June 16, 2021, which is thirty (30) days prior to the Objection Deadline and Opt-Out Deadline, Plaintiff must file papers in support of his application for attorneys' fees and expenses, and the incentive awards to the Class Representative. No later than August 10, 2021, which is seven (7) days prior to the Final Approval Hearing, all parties must file papers in support of final approval of the Settlement. At that time, parties also may respond to any written objections. The Court may continue the Final Approval hearing without further notice to the members of the Settlement Class.

9. The Claims Administrator will file with the Court by no later than August 10, 2021, which is seven (7) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and this Preliminary Approval Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

3

10. Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of July 16, 2021, which are both sixty (60) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

11. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and telephone number, and must state in writing that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

12. If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

13. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

14. To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the Court by the Objection Deadline. In the written Objection, the Settlement Class Member must state his or her full name, address, and

telephone number(s) that the Settlement Class Member alleges received a text message from Defendant.  He or she must state that the objection is purporting to be made on the individual's behalf only, must identify any lawyer who was consulted as to such objection or this case, must also state the reasons for his or her Objection, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel.  Any documents that the Settlement Class Member wishes the Court to consider must also be attached to the Objection.  Any and all objections shall identify any lawyer that represents the Settlement Class Member as to the case or such objection.  No Objection will be valid unless all of the information described above is included.  The right to object to this Settlement must be exercised individually by an individual Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.  The Parties will have the right to depose any objector as to the basis and circumstances of his or her objection, and to assess the objector's standing.

15.     Any Settlement Class Member who has timely filed an Objection may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.  In addition to the foregoing, if a Settlement Class Member or his/her attorney requests permission to speak at the Final Approval Hearing, the written Objection filed must contain a detailed statement of the specific legal and factual basis for each and every objection and a detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Settlement Class Member may introduce at the Final Approval Hearing.

16.     Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with

the terms of this Order, above and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

17.     Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **May 17, 2021** [45 calendar days after the date of this order] | Deadline to Provide Class Notice |
| **June 16, 2021** [30 days before the Objection and Opt-Out Deadline] | Deadline for Plaintiff's Motion for Attorneys' Fees and Incentive Award |
| **July 16, 2021** [60 days after the Settlement Notice Date] | Deadline for Class Members to file Objections or submit Requests for Exclusion |
| **August 10, 2021** [7 days before the | Deadline for Parties to File the Following:  (1) List of Class Members who Made Timely and Proper Requests |

| | |
|---|---|
| Final Approval Hearing] | for Exclusion;<br><br>(2) Proof of Class Notice and CAFA Notice (to be filed by the Administrator); and<br><br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| **August 17, 2021, at 2 p.m.** | Final Approval Hearing |

18.     The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Judgment and Order of Dismissal.

19.     If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.  If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.  In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated.  The certification of

the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

20.     Pending the final determination of whether the Settlement should be approved, any member of the Settlement Class is hereby enjoined from filing any class action, or attempting to amend an existing action to assert any claims which would be released pursuant to the Settlement Agreement. If the Settlement is terminated or final approval does not for any reason occur, the injunction will be immediately terminated.

21.     Pursuant to the Agreement, JND Legal Administration is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

22.     Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

SO ORDERED.

DATED: _____April 2_____, 2021      _____/s/ William E. Smith_____
                                         William E. Smith
                                         District Judge