UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID DECAPUA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant, | Case No. 1:18-cv-00590-WES-LDA |

## ORDER ON ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS

The Court having held a Hearing on Plaintiff's Motion on Attorneys' Fees, Costs, and Incentive Awards on August 17, 2021, notice of this Hearing having been duly given in accordance with this Court's Preliminary Approval Order, ECF No. 47, and having considered all matters submitted to it at this Hearing and otherwise, and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Court, consistent with the guidance provided by the First Circuit and this District, as well as "a clear consensus among federal and state courts," finds that attorneys' fees in this common-fund class action settlement shall utilize the "percentage of the fund approach. . . ." *Kondash v. Citizens Bank, N.A.*, Case No. 18-cv-00288-WES-LDA, 2020 U.S. Dist. LEXIS 241588, at *11 (D.R.I. Dec. 23, 2020) (internal quotation marks and citations omitted).

2. Plaintiff requests an award of attorneys' fees, in the amount of one-third of the

total amount of the settlement, or $283,333.33.

3. The Court evaluates this request in light of seven factors: "(1) the size of the fund and the number of persons benefitted; (2) the skill, experience, and efficiency of the attorneys involved; (3) the complexity and duration of the litigation; (4) the risks of the litigation; (5) the amount of time devoted to the case by counsel; (6) awards in similar cases; and (7) public policy considerations." *In re Loestrin 24 Fe Antitrust Litig.,* Case No. 1:13-md-2472-WES-PAS, 2020 U.S.Dist. LEXIS 125746, at **45-46 (D.R.I. July 17, 2020), adopted at 2020 U.S. Dist. 158946 (D.R.I. Sept. 1, 2020).

4. In considering these factors, this Court hereby finds that Plaintiff's requested award of one-third of the total settlement amount is a "reasonable percentage of the fund established for the benefit of the class," and grants Plaintiff's Motion for Attorneys' Fees.

5. Plaintiff further moves for reimbursement of Costs expended in the case, in the amount of $14,550.19. *See Kondash,* 2020 U.S. Dist. LEXIS 241588, at *18 ("When, as here, the expenses requested are modest and synch with the matters that arose over the course of the case, the Court's review should be for irregularities and, if none are apparent, should review the expenses as presented.")

6. The Court finds the request for Costs and the amount of such costs reasonable under the circumstances, and grants Plaintiff's Motion for Costs.

7. Plaintiff's further move for an incentive award to Plaintiff David DeCapua in the amount of $5,000.

8. This Court hereby finds that an incentive award to Plaintiff David DeCapua in the amount of $5,000 is appropriate in light of his efforts on behalf of the class, and grants Plaintiff's Motion for an Incentive Award.

IT IS SO ORDERED.

*WESmith*

William E. Smith
District Judge
Date: September 3, 2021